IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROSS G. H.,[1]

        Plaintiff,

v.

ANDREW M. SAUL,[2]
Commissioner of Social Security,

        Defendant.

CIVIL ACTION

No. 18-2580-JWL

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) benefits pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding meaningful judicial review of the Administrative Law Judge's (ALJ) decision impossible in the circumstances of this case, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.
[2] On June 17, 2019, Andrew M. Saul was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

## I. Background

Plaintiff protectively filed an application for DIB on December 30, 2014. (R. 17, 291-97). After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Plaintiff claims the ALJ failed properly to develop the record, impliedly reopened the prior ALJ decision dated December 4, 2014, erred in applying step three of the Commissioner's sequential evaluation process, erred in assessing residual functional capacity (RFC), and erred at step five in finding that jobs exist in the economy of which Plaintiff is capable.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight, not the amount, of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) L(quoting

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

3

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, he is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Because the record here does not make clear the evidence upon which the ALJ relied in making the decision at issue, the court is unable to meaningfully review the decision and determine whether the correct legal standard was applied and whether substantial record evidence supports the decision made. Remand is necessary, therefore, to make clear the evidence upon which the ALJ relied to make his decision and, if necessary, to include that evidence within the administrative record to which the court might refer in considering whether substantial evidence supports the decision of the Commissioner. Because the court is unable to determine whether substantial evidence supports the ALJ's decision, the court will not consider Plaintiff's remaining arguments.

**II. Discussion**

Plaintiff claims the ALJ failed properly to develop the record in this case. (Pl. Br. 3). He argues the ALJ did not develop a complete medical history for twelve months before either his alleged onset date, the date he filed his disability application, or his date last insured (DLI) as required by the statute and the regulations. Id. at 4 (citing 42 U.S.C. § 423(d)(5)(b), and 20 C.F.R. § 404.1512(b)(1)(ii)). He argues the ALJ impliedly

> reopened the prior ALJ decision dated December 4, 2014, when he found Plaintiff was not disabled at any time from March 2, 2013, through December 31, 2014; and relied on the evidence exhibited by the prior ALJ throughout his decision, but improperly failed to exhibit that evidence in Plaintiff's current record.

Id. at 5 (citations, footnote, omitted).

The Comissioner argues, "The ALJ Fully Developed the Record and Did Not Re-open the Prior Unfavorable Decision that Plaintiff Was Not Disabled through December 4, 2014." (Comm'r Br. 6) (section title) (bold omitted). He argues the ALJ specifically stated "he did not find any basis to reopen the December 4, 2014 decision, and that he was barred by the doctrine of res judicata from considering the time period addressed in that decision." Id. (citing R. 17). He argues the record before the ALJ included "evidence dating back to 2012—before Plaintiff's alleged disability onset date—and evidence from nearly three years after Plaintiff's insured status expired on December 31, 2014," and thereby implies that the record evidence from the prior decision was unnecessary. Id. He argues the ALJ accepted additional evidence from Plaintiff on the day of the hearing and "further developed the record after the hearing by sending Plaintiff for a consultative psychological evaluation, obtaining an opinion from a medical expert, and sending interrogatories to a vocational expert." Id. at 6-7. He points out the ALJ

5

proffered the post-hearing evidence to Plaintiff who declined the offer of a supplemental hearing. (Comm'r Br. 7). The Commissioner points out that the period at issue, both before the ALJ and before this court, was the 27 days between the date of the prior ALJ decision (December 4, 2014) and Plaintiff's DLI (December 31, 2014) and argues "it is difficult to imagine what additional development the ALJ could have undertaken." Id.

In his Reply Brief, Plaintiff argues, "The 'official record' must include: 'All evidence upon which the administrative law judge relies for the decision … either directly or by appropriate reference.'" (Reply 2) (cited as quoting 20 C.F.R. § 404.952(b))[3]. He argues the regulation is consistent with the Hearings, Appeals, and Litigation Law Manuel (HALLEX) I-2-1-13 ("When an ALJ relies on information from a prior claim(s) file, the ALJ will make the evidence part of the record in the pending claim"). Id. He argues that despite these regulatory and sub-regulatory policies, the ALJ in this case relied on evidence from the prior claim file but did not include it in the record in this case. Id.

### A. The ALJ's Decision

The ALJ discussed Plaintiff's previous application and the record he considered in his evaluation:

> The claimant previously filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning August 1, 2011. This resulted in an unfavorable decision from an administrative law judge on December 4, 2014 (Exhibit B1A [R. 195-214]). This opinion has not been appealed and remains the administratively final decision for the period from August 1, 2011 to December 4, 2014, and the claimant has failed to provide any evidence to disturb that decision. Therefore, although

---

[3] Plaintiff's quotation actually appears in 20 C.F.R. § 404.951(b), "Official Record."

> the claimant alleged an onset date of March 2, 2013 in this case, the period from March 2, 2013 to December 4, 2014 has already been adjudicated and the claimant was found "not disabled."
>
> Therefore, while the entire record was considered in this case, the period adjudicated in this decision begins on December 5, 2014. The claimant has a date last insured in this case on December 31, 2014. After that date, he is no longer insured for purposes of Title II benefits. As a result, he must establish he was "disabled" prior to that date. Thus, while some consideration was given the later records, this decision does not adjudicate the period after December 31, 2014. As a result, this decision is focused only on the brief period from December 5, 2014 to December 31, 2014.

(R. 17). The ALJ found that Plaintiff "was not under a disability within the meaning of the Social Security Act from March 2, 2013, through the date last insured." Id. at 18.

The ALJ related much of his discussion to the prior decision. He stated. "as noted in the prior decision, while the claimant has a history of gastro esophageal reflux disease (GERD) this condition is controlled with medication." Id. at 20.

> In this report, [Plaintiff] alleged problems with understanding, memory, and following instructions (Exhibit B7E, p.11 [R. 354]). However, this was no different from the allegations described in the prior opinion (Exhibit B1A, p.8 [R. 202]). Moreover, the claimant's treatment notes in the prior claim did not indicate any significant deficits in memory, comprehension, or related functioning.

Id. at 22. "In the prior decision, the Administrative Law Judge concluded that the claimant had a 'moderate' problem with social functioning, due to his allegations of problems getting along with others and limited interaction," id., "while the claimant alleged problems with these functions [(concentration, persistence, and maintaining pace)] in connection to his prior claim, these allegations were poorly supported by the medical record," id., "neither his 2015 function report, his prior treatment records, or the earlier decision suggest a problem adapting to typical situations or managing his own

7

needs." Id. "As noted in the prior decision, the claimant's records indicated normal heart sounds with regular rate and rhythm on numerous exams after 2013, and his ejection fraction was in the normal range." Id. at 24. "Likewise, as noted in the prior decision, while the claimant did have a clot surgically removed in 2013, residual symptoms from this incident were not documented." Id. "[D]egeneration in the cervical and lumbar spines, [] were indicated by imaging, as discussed in the prior decision. … As noted in the prior decision, the claimant's exams indicated a slow and stiff gait, complaints of lumbar pain, and a painful range of motion." Id. "A nerve conduction test [was] addressed in the prior decision." Id. "Based on these prior records, the undersigned finds the above impairments were present. However, the claimant's medical records prior to December 2014 did not support a finding of 'disability," as discussed in the prior decision." Id. at 24. "The undersigned notes that [Dr. Reaves's] opinion is both more and less restrictive than the residual functional capacity in the prior decision." Id. Dr. Reaves's opinion "reflects greater restrictions than the prior December 2014 decision." Id. at 25. The ALJ gave Dr. May's "opinion little weight, relying on inferences from the prior and subsequent records." Id. at 26. "The records in the prior claim reflect a history of depression." Id. That Plaintiff cannot perform complex work "is consistent with both [2017] exam findings and the prior records." Id. Tearfulness in a work environment "is also not supported by prior records." Id. at 26. The ALJ included "a limitation on contact with the public, based on the claimant's symptoms of depression, as described in the prior decision." Id. at 27. The ALJ gave Dr. Isenberg's "opinion little weight, relying on inferences from the prior and subsequent records." Id.

8

**B. Analysis**

The regulations require that an ALJ "will issue a decision based on the preponderance of the evidence in the hearing record." 20 C.F.R. § 404.929. As noted above, the court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax, 489 F.3d at 1084; White, 287 F.3d at 905. As Plaintiff suggests, the regulations define the "Contents of the official record," and require that "[a]ll evidence upon which the administrative law judge relies for the decision must be contained in the record, either directly or by appropriate reference." 20 C.F.R. § 404.951(b). HALLEX I-2-1-13(F) "Decision Requirements" provides:

> When an ALJ relies on information from a prior claim(s) file, the ALJ will make the evidence part of the record in the pending claim and address the evidence in the written decision using the instructions throughout HALLEX I-2-8. An ALJ is not required to address evidence on which he or she does not rely. Additionally, subject to applicable ARs [(Acquiescence Rulings)], an ALJ need not address a prior filing when the ALJ does not rely on any information in the prior claim(s) file.

HALLEX I-2-1-13(F).

Here, as noted above, the ALJ discussed the prior decision extensively in his decision. And as the ALJ cited, the prior decision is in the record in this case. (R. 195-214). Thus, it might be argued that the prior decision was the only portion of the prior record upon which the ALJ relied. However, it is impossible for the court to know whether this is true with any certainty because the ALJ did not provide a pinpoint citation each time he referred to a finding allegedly contained within the prior decision. Thus, the court finds that evidence upon which the ALJ relied was not "contained in the record …

by appropriate reference." 20 C.F.R. § 404.951(b). Moreover, in his decision the ALJ also specifically referred to "treatment notes in the prior claim" (R. 22), in the "prior claim, [Plaintiff's] allegations were poorly supported by the medical record," id., "imaging, as discussed in the prior decision. … [and] the claimant's exams indicated," id. at 24, and "[a] nerve conduction test addressed in the prior decision." Id. But, the treatment notes, medical records, imaging, exams, and nerve conduction test from the prior claim, upon which the ALJ apparently relied, are not in the administrative record in this case and it is not possible for the court to evaluate whether the resultant findings are supported by the evidence.

As the Commissioner argues, the ALJ clearly found the prior decision was res judicata and indicated his intent not to reopen that claim. However, the mere fact of placing the evidence upon which he relied from the earlier claim into the record in this case would not result in a finding that he had impliedly reopened the earlier claim. And, as noted above, it is clearly required by the Act, the regulations, and the sub-regulatory policy of the SSA. Remand is necessary for the Commissioner to include in the administrative record in this case the evidence upon which the ALJ relied in making the decision at issue. As both the ALJ in his decision, and the Commissioner in his brief noted, the period at issue in this case is a mere 27 days. Nevertheless, to reach a decision concerning disability for that period, the regulations require the ALJ to secure a complete medical history, and to admit into the record all evidence upon which he relies in making that determination regarding disability.

**IT IS THEREFORE ORDERED** that the decision below shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for the Commissioner to include in the administrative record all of the evidence upon which the ALJ relied in reaching his decision.

Dated January 23, 2020, at Kansas City, Kansas.

s:/ John W.Lungstrum
**John W. Lungstrum**
**United States District Judge**